IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL H. HARRIS and<br>BEVERLY D. HARRIS<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL FIRE INS. CO.,<br>et. al.<br><br>    Defendants. | No. 3:11-0412<br>JUDGE HAYNES |

## MEMORANDUM

Plaintiffs, Michael H. Harris and Beverly D. Harris, filed this action under the National Flood Insurance Act of 1968, Title 42 U.S.C. §4001, et. seq. ("NFIA") against the Defendants: First American Flood Data Services ("First American"), First American Corporation ("FAC"), First American CoreLogic, Inc. ("FACI")[1], Nationwide Mutual Fire Insurance Co., David Vandenbergh, Regions Financial Corporation, Regions Bank ("Regions"), AmSouth Bank, George Logan, and Dorothy Logan. Plaintiffs' claims arise out of the Nashville area flood that damaged Plaintiffs' residence. Plaintiffs assert federal law claims under the NFIA for breach of the flood insurance contract, improper handling of their flood insurance claims, and underpayment of insurance proceeds. Plaintiffs also assert state law claims for negligence and negligent misrepresentation against Defendants First American, FAC, and FACI.

Before the Court is First American's, FAC's, and FACI's motion to dismiss (Docket Entry No. 25) contending, in sum: (1) that Plaintiffs do not have an implied right of action for NFIA violations; (2) that Plaintiffs' negligent misrepresentation claims are barred by the three-

---

[1] The complaint refers to this Defendant as "CoreLogic." Yet, it appears that there is a separate entity named "CoreLogic, Inc." To avoid confusion, the acronym "FACI" is used to refer to "First American CoreLogic, Inc."

1

year statute of limitations in Tenn. Code Ann. §28-3-105; (3) that Plaintiff's emotional distress claims are barred by the one-year statute of limitations in Tenn. Code Ann. §28-3-104; and, (4) that Plaintiffs' successor liability claims against FAC and FACI fail for lack of a viable claim against First American.

In response (Docket Entry No. 40), Plaintiffs agree that the NFIA does not create an implied right of action, but contend (1) that state law claims for Defendants' negligent flood zone determinations are contrary to the NFIA; (2) that Plaintiffs' state law claims are not time-barred under the Tennessee discovery rule; and, (3) that for any deficiency, Plaintiffs should be entitled to amend their complaint to cure any such deficiency.

### A. Analysis of the Complaint

On August 21, 2006, Plaintiffs purchased their residence home from Defendants George and Dorothy Logan. (Docket Entry No. 1, Complaint, ¶ 22). The Logans executed a disclosure stating that the property was not in a flood zone. Id. at ¶ 23. Yet, the NFIP Flood Insurance Rate Map ("FIRM") of the area reflects that the property was in a flood zone at the time of Plaintiffs' purchase. Id. at ¶ 26. According to Plaintiffs, First American provided flood certification information to Regions, the mortgage company, at their closing on the residence sale. Id. at ¶ 19, 24. Based on the Defendants' flood zone certification, Plaintiffs determined not to buy flood insurance. Id. at ¶ 27.

On September 20, 2006, the Federal Emergency Management Agency ("FEMA") issued a revised FIRM. Id. at ¶ 28. Between September 2006 to October 2006, Regions informed Plaintiff that the residence was now in a flood zone and Plaintiffs had forty-five days to secure flood insurance. Id. at ¶ 29. Plaintiffs hired Vandenbergh to procure flood insurance on their behalf from Nationwide. Id. at ¶ 30. Vandenbergh sold Plaintiffs a Nationwide pre-FIRM

policy. Id. at ¶ 34. Under this policy, Plaintiffs were not required to obtain an elevation certificate to purchase this flood insurance. Id. at ¶ 33. In May 2010, Plaintiffs' home flooded and was damaged. Id. at ¶ 37. The flood adjuster informed Plaintiffs their residence's bottom floor was not covered as a post-FIRM structure. Id. at ¶ 38.

Plaintiffs allege that if the Defendants performed their due diligence with accurate historical data, Plaintiffs would have known the residence was in a flood zone and could not be fully insured. Id. at ¶ 45. Plaintiffs allege that if so informed, they would not have purchased the residence. Id. at ¶¶ 45-46. Plaintiffs also allege that Defendants provided the lender with an incorrect flood zone determination. Id. at ¶¶ 41-42. As a result, Plaintiffs' residence was not properly insured. Id. at ¶ 43.

## B. Conclusions of Law

Upon a motion to dismiss, the Court must accept the complaint's factual allegations as true and construe the complaint liberally in favor of the plaintiffs. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). To survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Indeed, "it is not...proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated...laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983).

3

In <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement". <u>Id.</u> at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Id.</u> at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Ibid.</u> Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'". <u>Id.</u> at 557 (brackets omitted).
>
> Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. <u>Id.</u> at 555, . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. <u>Id.</u> at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 1949-1950.

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." Armengau v. Cline, No. 99-4544, 7 Fed. Appx. 336, 343 (6th Cir. March 1, 2001). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." Id. at 344. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id. (citations omitted).

Courts hold that Congress did not intend a private right of action under the NFIA and borrowers are not the class of persons intended for protection under the statute. Cruey v. First Amer. Flood Data Services, 174 F.Supp.2d 525, 528 (E.D.Ky. 2001) (citing Cort v. Ash, 422 US. 66 (1975)). "Courts have unanimously held the NFIA does not create a private cause of action for borrowers. Analyzing the legislative history of these statutory provisions, courts have concluded that the intended beneficiary of the NFIA is the Federal treasury, not individual borrowers." Nicholson v. Countrywide Home Loans, No. 1:07 CV 3288, 2008 WL 731032, at *3 (N.D.Ohio Mar. 17, 2008) (citations omitted). Thus, Plaintiffs, as borrowers, cannot assert a claim under the NFIA.

Plaintiffs, however, assert a Tennessee common law negligence claim based upon the NFIA standards (Docket Entry No. 40 at 5-6), but federal law precludes such a claim for borrowers under the NFIA.

> [I]t would implicate serious federalism concerns to allow [private-action NFIA] claims to stand, and, consequently, most states dealing with this issue have held that these federalism concerns preclude any state common law action based on a violation of the NFIA...[thus] it would defy logic to permit the NFIA – which does not provide

5

> borrowers with a direct cause of action – to be used indirectly for the purpose of creating a standard of conduct in the context of a common law negligence claim.
>
> * * * * *
>
> Plaintiff's claims arose out of First American's failure to correctly determine that the Property was located in a Special Flood Zone Hazard Area. [NFIA] provides for and regulates third-party flood zone determinations to ensure that lenders comply with its flood insurance provisions. Therefore, any duty First American owed to Plaintiff, either from the contract between First American and [the lender] or from an ordinary negligence standard, would have arisen from the [NFIA], a breach of which would violate the [NFIA]. For this reason, Plaintiff's claims are based directly on alleged violations of the [NFIA]."

Callahan v. Countrywide Home Loans, No. 3:06cv105/RV/MD, 2006 WL 2993178, at *1-2 (N.D.Fla. Oct. 20, 2006) (emphasis in original). Moreover, "[t]he separation of powers doctrine and principles of federalism militate against the adoption of the federal statute as the standard of care in a state negligence action when no private cause of action, either explicit or implicit, exists in the federal statute." Nicholson, 2008 WL 731032 at *3.

Thus, the Court concludes that Plaintiff cannot assert a common law negligence claim based upon the NFIA standards. All of Plaintiff's state law claims are based upon the NFIA. As federal law precludes Plaintiffs' claims, this Court need not address whether Plaintiffs' claims are time-barred. This conclusion renders consideration of Defendants' statute of limitations contentions moot.

Although Plaintiffs requested "an opportunity to amend their complaint to clarify allegations [against the Defendants]" (Docket Entry No. 40 at 2), Plaintiffs must file a motion to amend for the Court to consider this request. PR Diamonds, Inc. v. Chandler, 91 Fed. Appx. 418, 444 (6th Cir. 2004) (quoting Begala v. PNC Bank, Ohio, N.A, 214 F.3d 776, 784 (6th Cir. 2000)) ("What plaintiffs may have stated, almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss is also not a motion to

amend...Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies").

For these reasons, the Court concludes that these Defendants' motion to dismiss (Docket Entry No. 25) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 5th day of December, 2011.

William J. Haynes, Jr.
United States District Judge