IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL H. HARRIS and )
BEVERLY D. HARRIS, )
)
    Plaintiffs, ) CASE NO. 3:11-0412
) JUDGE HAYNES
v. )
)
NATIONWIDE MUTUAL FIRE )
INSURANCE COMPANY, et. al. )
)
    Defendants. )

**MEMORANDUM**

Plaintiffs, Michael H. Harris and Beverly D. Harris, Tennessee citizens, filed this action under the Flood Insurance Act, 42 U.S.C. § 4001 et seq. ("NFIA"), against the Defendants: Nationwide Mutual Fire Insurance Company ("Nationwide"); David W. Vandenberg, Nationwide's agent; First American Flood Data Services ("First American"); First American Corporation ("FAC"); First American Corelogic, Inc. ("FACI")[1]; Regions Financial Corporation and Regions Bank, the successor to AmSouth Bank of North America (collectively, "Regions"); George V. Logan and Dorothy A. Logan. Plaintiffs assert claims for the Defendants' failures to inform them of the necessity to obtain flood insurance for Plaintiffs' residence. Plaintiffs also assert state law claims, in essence, that Regions was contractually obligated to Plaintiff with regard to the flood hazard designation, and that Regions was negligent in failing to verify the accuracy of the flood certification information provided in the Plaintiff's insurance policy. Plaintiffs also assert that the Defendants were negligent by breaching applicable professional standards and their agreements with Plaintiffs.

---

[1] The complaint refers to this Defendant as "CoreLogic." Yet, it appears that there is a separate entity named "CoreLogic, Inc." To avoid confusion, the acronym "FACI" is used to refer to "First American CoreLogic, Inc."

Before the Court is Defendants Regions' motion to dismiss (Docket Entry No. 60), contending that the NFIA does not create an implied right of action, and that as the lender, Regions relied upon a third-party's flood hazard determination to its detriment, thereby precluding any actionable state law claims against Regions.

**A. Analysis of the Complaint**

Plaintiffs obtained a mortgage from Regions on August 21, 2006 to purchase real property located at 633 Bay Point Drive, Gallatin, Tennessee 37066 (the "Property"). (Docket Entry No. 1, Complaint at ¶ 22). At the time of purchase, Plaintiff and Regions were informed that Plaintiffs need not procure flood insurance based on the flood zone determination provided by Defendant First American. Id. at ¶ 27. On September 20, 2006, the Federal Emergency Management Agency ("FEMA") revised the flood maps, and Regions informed Plaintiffs that their residence was in a flood zone and flood insurance was now required. Id. at ¶¶ 28, 29. Plaintiffs obtained a pre-FIRM flood insurance policy that became effective on December 29, 2006. Id. at ¶ 32. In May 2010, Plaintiffs' residence suffered flood damage. Id. at ¶ 35. After the flood, an insurance adjuster informed Plaintiffs that the bottom floor of their residence was not covered by their insurance policy because it was a post-FIRM structure. Id. at ¶ 38.

Under the terms of the note or deed of trust for Plaintiffs' residence, Regions was obligated to ensure that the flood zone determination was a proper designation, or that Plaintiffs had proper insurance coverage for their residence. Under the Deed of Trust, Regions required Plaintiff to obtain sufficient insurance on the Property. (Docket Entry No. 18-1, Regions' Answer, Exhibit A at ¶ 5). Plaintiffs' complaint alleges that Regions breached its contract with Plaintiffs by "fail[ing] to verify the accuracy of the flood certification information provided by First American" and by "fail[ing] to verify that the insurance procured by Vandenberg through

2

Nationwide on the Bay Point property was proper and sufficient to provide full coverage on this Property. Id. at ¶¶ 75, 77.

## B. Conclusions of Law

Federal Rule of Civil Procedure 12(b) (6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, Plaintiffs' complaint must include sufficient "factual allegations to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To be sure, the complaint must be construed in the light most favorable to the plaintiff with well pled facts to be deemed true, and with all reasonable factual inferences in favor of the Plaintiffs. Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008). Plaintiffs' complaint must set forth directly or inferentially sufficient factual allegations for each element of their claims. Tam Travel, Inc. v. Delta Airlines, Inc., 583 F.3d 896, 903 (6th Cir. 2009).

In ruling on a motion to dismiss, the well-pleaded factual allegations in Plaintiffs' complaint must be accepted as true and construed in the light most favorable to Plaintiff. LULAC v. Bredesen, 500 F.3d 526, 527 (6th Cir. 2007). "The standard of review requires more than the bare assertion of legal conclusions. . .[a]nd this Court need not accept as true legal conclusions or unwarranted factual inferences." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001) (internal citation omitted).

### 1. Plaintiffs' NFIA Claims

The NFIA "provides that lending institutions subject to federal regulation may not make loans for improved real estate without insuring that such loans are secured by flood insurance in an amount at least equal to the outstanding balance of the loan." Cruey v. First Am. Flood Data Servs., Inc., 174 F. Supp. 2d 525, 527 (E.D.Ky. 2001). Under 42 U.S.C. § 4104b (d), "any

3

lender...who makes, increases, extends or renews a loan secured by improved real estate... **may provide for the acquisition or determination of [flood hazard determination] information to be made by a person other than the lender (or other person), only to the extent such person guarantees the accuracy of the information.**" (emphasis added). "Federal banking regulations adopted pursuant to the National Flood Insurance Act (NFIA), 42 U.S.C. §§ 4001-4219, require a regulated lender of a real estate mortgage loan to determine and notify the purchaser if the property is located in a special flood hazard area". Lukosus v. First Tenn. Bank, N.A., 2003 U.S. Dist. LEXIS 11941 at * 3-4 (W.D.Va. July 9, 2003) (internal citations omitted).

Yet, "[i]t is settled that no express or implied federal cause of action is created by this requirement in favor of a purchaser who fails to receive proper notice." Id. (citation omitted). In a word, the NFIA does not provide for a private right of action. Kesslak v. Tower Hill Preferred Ins. Co., 2009 U.S. Dist. LEXIS 95300, at *12 (N.D.Ohio Mar. 17, 2008). Thus, the Court concludes that Plaintiffs' federal law claims based upon the NFIA should be dismissed.

### 2. Plaintiffs' State Law Claims

Of the plaintiffs' several state law claims, the Court considers first those state law claims based upon the duties created by NFIA for Regions. Although the NFIA does not automatically preclude a state law cause of action, "those state courts that have considered the issue have rejected any such common law cause of action, based in part on the principles of federalism." Id. (internal citations omitted). Regions contends that under Tennessee law, a state law claim cannot be based upon a federal statute where that federal does not provide for a private right of action, citing Robinson v. MERS, Inc., 2011 Tenn. App. LEXIS 209 (Tenn.Ct.App. Mar. 9, 2011). Robinson, however, only held that on a claim of "fraudulent documents" the Fair Credit Act did not provide a private right of action and "the trial court correctly held that the Fair Credit

4

Reporting Act controls the allegations concerning furnishing of incorrect credit information and that it does not provide right of action against [the lender] under the facts alleged." Id. at *21 (citation omitted).

Under Tennessee law, "[a] negligence action requires evidence proving the following elements: (1) a duty owed by the defendant to the plaintiff; (2) defendant's breach of that duty; (3) injury; (4) causation in fact; and (5) proximate, or legal, cause." Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 771 (Tenn. 2006). Under Tennessee law, a duty is owed "to others to refrain from engaging in misfeasance, affirmative acts that a reasonable person should recognize as involving an unreasonable risk of causing an invasion of an interest of another or acts which involve an unreasonable risk of harm to another." Giggers v. Memphis House. Auth., 277 S.W.3d 359, 364 (Tenn. 2009) (quoting Restatement (Second) of Torts §§ 284, 302 (1965)). The existence of a legal duty in a given factual context is a question of law for the Court. Id. at 365.

In Downs ex rel. Downs v. Bush, 263 S.W.3d 812, 820 (Tenn. 2008), the Tennessee Supreme Court held that the foreseeability of the harm is a key factor on whether a defendant owes a legal duty and that "[a] risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." Id. (citations and internal quotation marks omitted). If there is a finding of a foreseeable risk of harm, "courts must engage in 'an analysis of the relevant public policy considerations,'. . .to determine whether a duty enforceable in tort must be imposed." Giggers, 277 S.W.3d at 366 (citation omitted). The following non-exclusive factors have been considered:

> [T]he foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the

5

> feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

Id. (citations omitted).

Assuming without deciding whether Tennessee law recognizes a state law claim predicated upon duties arising under NFIA, here, the "person" making the flood hazard determination and guaranteeing the accuracy about the flood zone was the First American/Corelogic entity. Under the NFIA, Regions was entitled to rely on First American/Corelogic for the flood zone information on Plaintiffs' residence. Thus, the Court concludes that any state law negligence claims against Regions based upon the NFIA duties should be dismissed.

As to Plaintiffs' breach of contract claims, under Tennessee law, Plaintiffs must allege: (1) the existence of an enforceable contract between the parties; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of the contract. Life Care Centers of Am., Inc. v. Charles Town Assocs. Ltd. P'ship, LPIMC, Inc., 79 F. 3d 496, 514 (6th Cir. 1996) (applying Tennessee law). Under Tennessee law, the procuring of insurance on property that secures a note is for the benefit of the borrower, not the noteholder. Certain Underwriters at Lloyd's, London v. Winestone, 182 S.W.3d 342, 344 n. 1 (Tenn.Ct.App. 2005). Here, Plaintiffs do not cite to any provision of the note or deed of trust that Regions failed to honor. As to Plaintiffs related claim for breach of implied good faith, under Tennessee law, absent a contract claim, any breach of the implied covenant of good faith and fair dealing claim fails. Jones v. LeMoyne-Owen College, 308 S.W.3d 894, 907 (Tenn.Ct.App. 2009). For these reasons, the Court concludes that Regions' motion to dismiss should be granted.

An appropriate Order is filed herewith.

Entered this the 31st day of May, 2012.

William J. Haynes, Jr.
United States District Judge