IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| MICHAEL H. HARRIS and<br>BEVERLY D. HARRIS | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-0412<br>JUDGE HAYNES |
| v. | ) ) | |
| NATIONWIDE MUTUAL FIRE INS. CO.,<br>et. al. | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

Plaintiffs, Michael H. Harris and Beverly D. Harris, Tennessee citizens, filed this action under the National Flood Insurance Act of 1968, Title 42 U.S.C. §4001, et. seq. ("NFIA") against the Defendants: First American Flood Data Services ("First American"), First American Corporation ("FAC"), First American CoreLogic, Inc. ("FACI")[1], Nationwide Mutual Fire Insurance Co., David Vandenbergh, Regions Financial Corporation, Regions Bank ("Regions"), AmSouth Bank, George Logan, and Dorothy Logan (collectively, the "Logans"). Plaintiffs' claims arise out of the Nashville area flood that damaged Plaintiffs' residence. Plaintiffs assert federal law claims under the NFIA for breach of the flood insurance contract, improper handling of their flood insurance claims, and underpayment of insurance proceeds. Plaintiffs also assert state law negligent misrepresentation claims against the Logans.

Before the Court is the Logans' motion to dismiss (Docket Entry No. 72) contending that the Plaintiffs' negligent misrepresentation claims against the Logans are time-barred. In response (Docket Entry No. 76), Plaintiffs contend their claims against the Logans are not time-

---

[1] The complaint refers to this Defendant as "CoreLogic." Yet, it appears that there is a separate entity named "CoreLogic, Inc." To avoid confusion, the acronym "FACI" is used to refer to "First American CoreLogic, Inc."

1

barred because Plaintiffs did not know that the property was not completely insurable until after the May 2010 flood.

## A. Analysis of the Complaint

On August 21, 2006, Plaintiffs purchased their residence home from Defendants George and Dorothy Logan. (Docket Entry No. 1, Complaint, ¶ 22). The Logans executed a disclosure stating that the property was not in a flood zone. Id. at ¶ 23. Yet, the NFIP Flood Insurance Rate Map ("FIRM") of the area reflects that the property was in a flood zone at the time of Plaintiffs' purchase. Id. at ¶ 26. According to Plaintiffs, First American provided flood certification information to Regions, the mortgage company, at their closing on the residence sale. Id. at ¶ 19, 24. Based on the Defendants' flood zone certification, Plaintiffs determined not to buy flood insurance. Id. at ¶ 27.

On September 20, 2006, the Federal Emergency Management Agency ("FEMA") issued a revised FIRM. Id. at ¶ 28. Between September 2006 to October 2006, Regions informed Plaintiffs that the residence was now in a flood zone and Plaintiffs had forty-five days to secure flood insurance. Id. at ¶ 29. Plaintiffs hired Vandenbergh to procure flood insurance on their behalf from Nationwide. Id. at ¶ 30. Vandenbergh sold Plaintiffs a Nationwide pre-FIRM policy. Id. at ¶ 34. Under this policy, Plaintiffs were not required to obtain an elevation certificate to purchase this flood insurance. Id. at ¶ 33. In May 2010, Plaintiffs' home flooded and was damaged. Id. at ¶ 37. The flood adjuster informed Plaintiffs their residence's bottom floor was not covered as a post-FIRM structure. Id. at ¶ 38.

Plaintiffs allege that the Logans good-faith disclosure certified that the property was not located in a flood zone. Id. at ¶ 87. Plaintiffs allege that, based on their reliance on the disclosure, they believed the property was not in a flood zone and was more valuable than it

2

actually was. Id. at ¶ 89. Plaintiffs also allege that the Logans' negligent misrepresentation caused them financial and non-economic damages. Id. at ¶ 90.

## B. Conclusions of Law

Upon a motion to dismiss, the Court must accept the complaint's factual allegations as true and construe the complaint liberally in favor of the plaintiffs. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). To survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Indeed, "it is not…proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated…laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983).

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement". Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

3

> Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'". Id. at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555, . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1949-1950.

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." Armengau v. Cline, No. 99-4544, 7 Fed. Appx. 336, 343 (6th Cir. March 1, 2001). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." Id. at 344. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id. (citations omitted).

4

The Logans contend that Plaintiffs' negligent misrepresentation claim is barred by the applicable statute of limitations. "The statute of limitations for negligent misrepresentation is three years from the accruing of the cause of action." Med. Educ. Assistance Corp. v. State, 19 S.W.3d 803, 817 (Tenn.Ct.App. 1999). "A cause of action accrues for either intentional or negligent misrepresentation when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof." Id.

Under Tennessee law, a tort claim accrues "when the plaintiff knows, or in the exercise of reasonable care and diligence should know, than an injury has been sustained." Wyatt v. A-Best, Co., Inc., 910 S.W.2d 851, 854 (Tenn. 1995). In a word, the statute begins to run against a plaintiff as soon as the Plaintiff has a right of action. See Hodge v. Serv. Mach. Co., 438 F.2d 347 (6th Cir. 1971). A plaintiff is not permitted to wait until all the injurious effects of a potentially tortious act occur. See Sampson v. Schneider, 886 S.W.2d 764, 765 (Tenn.Ct.App. 1994) ("[I]t is settled law in this jurisdiction that the plaintiff need not know the full extent of her injury before the statute of limitations began to run.").

Yet, a statute of limitations is only tolled during the period when the plaintiff does not have knowledge that a wrong has occurred, and, as a reasonable person, is not put on inquiry. Woods v. Sherwin-Williams Co., 666 S.W.2d 77, 80 (Tenn.Ct.App. 1983) (citation omitted); see also Estate of Morris v. Morris, 329 S.W.3d 779, 783 (Tenn.Ct.App. 2009) (citation omitted) ("The 'statute of limitations [is not] tolled…in cases where 'the plaintiff has information that would place a reasonable person on inquiry notice that he may have a cause of action.'"); see also Prescott v. Adams, 627 S.W.2d 134, 137 (Tenn.Ct.App. 1981) (holding that a three year statute of limitations applied when plaintiffs sued their real estate agent and the sellers of the property for breach of contract, fraud, misrepresentation, and negligence).

5

Here, Plaintiffs allege that their injury is buying a home in a flood zone that they believed was not in a flood zone. (Docket Entry No. 1 at ¶89). Yet, Regions informed Plaintiffs that they were required to obtain flood insurance about September or October of 2006. Thus, Plaintiffs knew of the core facts giving rise to their negligence misrepresentation claims in 2006 before the May 2010 flood. Under Tennessee law, Plaintiffs should have filed this action against the Logans no later than October 2009. This action was not filed until May 2011, and is therefore untimely.

For these reasons, the Court concludes that Defendants George A. Logan's and Dorothy V. Logan's motion to dismiss (Docket Entry No. 72) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___11___ day of July, 2012.

William J. Haynes, Jr.
United States District Judge